## St. Clair School District et al. *v.* Monongahela Water Co., Appellant.

166    81
35 SC ²620

*Contract—Municipalities—Water company—Evidence—Conduct of parties—Presumption—Expressio unius exclusio alterius.*

A city agreed with a water company not to extend the municipal water pipes in the portion of the city lying on the south side of a river, in consideration of the water company making its assessments of all water rents in the stipulated territory at rates not higher than those in each class of water rents assessed by the city in the wards north of the river. The contract further provided that the city should furnish water to her own mains, then laid or being laid on the south side of the river, for the purpose of supplying the fire-plugs and washing the streets along the lines of said mains, and that the water company should supply all the other fire-plugs then or thereafter put in by the city without any charge. The city did not assess a water tax upon public schoolhouses on the north side of the river. *Held*, that the school districts on the south side were not exempt from liability to the water company for water supplied to schoolhouses.

In such a case the specification of a limited class of exemptions, such as fire-plugs, shows conclusively that the subject of exemptions was considered by the parties, and that no other class than fire-plugs was to be exempt.

The fact that at the time the contract was made the water company was charging schoolhouses, raises a presumption that if exemption of schoolhouses had been intended, if would have been provided for as in the case of fire-plugs.

Argued Nov. 9, 1894. Appeal, No. 308, Oct. T., 1894, by defendant, from decree of C. P. No. 1, Allegheny Co., on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Bill to restrain defendant from cutting off water supply of plaintiff's public school building.

The bill averred in substance:

1. That plaintiffs are boards of school directors of the sub-

school districts, of the city of Pittsburg, located in that part of the city known as the South Side.

2. The Monongahela Water Co. is a corporation engaged in the business of furnishing water to the public in that part of the city known as the South Side.

3. The city of Pittsburg passed an ordinance Sept. 23, 1880, directing the city water assessors, in making the annual assessment for water rents, to omit from assessment all buildings supplied by the city with water, used as public schoolhouses, and all buildings or rooms used by any board or commission connected with the city government.

4. That the city of Pittsburg passed an ordinance Dec. 22, 1885, by which, in consideration of the mutual covenants contained in the ordinance, the city agreed not to make any other extension of her water pipes on the South Side for a period of twenty-one years from the date of the ordinance; and that, by the said ordinance, the Monongahela Water Co. was required to contract that it would thereafter, and for a term of twenty-one years, make their assessments of all water rents on the South Side at rates, in all cases, not exceeding the water rates in each class of water rents assessed by the city in the wards lying between the Allegheny and Monongahela rivers.

5. In pursuance of the ordinance last aforesaid, the city of Pittsburg and the Monongahela Water Co. entered into a contract, dated Dec. 23, 1885, a copy of which is attached to the bill as Exhibit " C," whereby the Monongahela Water Co. bound itself for the term of twenty-one years, to make its assessments on all water rents upon the South Side at rates not higher than those in each class of water rents assessed by the city in the wards lying between the Allegheny and Monongahela rivers, and to continue to supply water to and for the said South Side wards, for a period of twenty-one years.

6. That, by virtue of the ordinance first above mentioned, passed Sept. 23, 1880, no water rents are assessed by the assessors of the city upon the public school buildings or houses in that portion of the city lying between the Allegheny and Monongahela rivers.

7. That, contrary to said contract with the Monongahela Water Co., the said water company has continued to assess water rents upon the public schoolhouses or buildings of the

sub-school districts of the South Side down to the present time.

8. That the plaintiffs, believing that the water company is not entitled to collect the amounts assessed, nor to assess public school buildings for water rents, on the South Side, have refused to pay the water rent so assessed within the past year or two, and the water company, in consequence of such refusal, have threatened to, and have given notice of their intention to shut the water off from the said public schoolhouses.

9. That the water company has already shut the water off from the said public school buildings in the St. Clair Sub-School District, the Humboldt Sub-School District, the Mt. Washington Sub-School District and the Allen Sub-School District, thereby rendering it impossible to put the schoolhouses in a sufficiently clean condition for the attendance of pupils and teachers.

10. That, if the water is shut off from the public school buildings, it would be impossible to place said buildings in proper condition, and during the school term it would be greatly injurious to the health of the teachers and pupils, and render it impossible to use the building.

11. That the plaintiffs are willing to pay a just water rent if the court should decree that the water company is entitled to assess and collect the same.

The material portions of the contract referred to in the bill were as follows.

" For and in consideration of the mutual covenants herein contained, the said city of Pittsburg hereby agrees not to make or cause to be made any further extension of her water pipes on the South Side of the Monongahela river (being from the Twenty-fourth to the Thirty-sixth wards both inclusive) than are now authorized by the ordinance of said city to be extended or laid, for and during the period of twenty-one years from the date of these presents.

" That the said Monongahela Water Co., its successors and assigns, shall hereafter, and for said term of twenty-one years, make its assessments of all water rents in the said wards at rates not higher than those in each class of water rents assessed by the said city of Pittsburg in the wards lying between the Monongahela and Allegheny rivers.

" That the said city of Pittsburg shall supply her mains, now

laid or being laid on the South Side of said city, with water for the purpose of supplying the fire-plugs along the lines of said mains, and for using the water on the street ways and for no other purpose whatever.

" That the said Monongahela Water Co., its successors and assigns, shall supply all the other fire-plugs now or hereafter put in, in its territory, by the said city, with an ample supply of water without any charge or cost to the city of Pittsburg; provided, however, that all fire-plugs in said territory shall be put in, connected with the mains and kept in good condition by the said city."

Defendants filed an answer in which they averred that they had a right to assess and collect a reasonable amount for the water supply, and that from the time of making the said contract they had assessed, and the officers of the sub-school districts had paid the amount claimed annually as they had done before said contract was made, and that the city of Pittsburg had also paid for water supplied to public buildings, and for all other purposes except for fire-plugs which were specially excepted by the contract.

The case was heard on bill and answer. The court entered the following decree:

" And now, viz: September 24, 1894, this case came on for hearing on bill and answer filed, and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed that the said defendant, the Monongahela Water Company, its officers, agents and employees, be enjoined and restrained from shutting off, stopping or interfering with the free supply of water through the pipes and conduits of the said defendant company to the school buildings of the several sub-school districts of the city of Pittsburg, plaintiffs in the said bill filed.

" And it is further ordered that the costs of this proceeding be paid by the defendant, the Monongahela Water Company.

*Error assigned* was above decree.

*Johns McCleave, D. T. Watson* and *Thomas D. Carnahan* with him, for appellant.

*Wm. L. Monro* and *Thomas Patterson*, for appellee.

OPINION BY MR. JUSTICE MITCHELL, Jan. 7, 1895:

The third clause of the agreement between the city of Pittsburg and the appellant, provides that the appellant shall make its assessments of water rents in the stipulated territory "at rates not higher than those in each class of water rents assessed by the city of Pittsburg in the wards between the rivers." This is the clause on which the bill is founded, and if it were all that the agreement contained on the subject it might fairly be held to apply to exemptions, although it speaks only of "assessments" and "rates" for different classes of rents, and does not in terms refer to exemptions at all. The next clause however provides that the city shall furnish water to her own mains then laid or being laid, for the purpose of supplying the fire-plugs and watering the streets along the lines of said mains. The next, or fifth clause, then provides that the appellant shall supply all the other fire-plugs then or thereafter put in by the city, without any charge. These two clauses show conclusively that the subject of exemptions was considered and provided for by the parties. If the construction contended for by the complainants is correct then the city, making no assessment for its own fire-plugs or street watering between the rivers, as it is agreed that it did not then or now, would have been entitled to have all its plugs on the south side supplied by the water company free, and clause five would have been superfluous, and clause four in conflict with the intent of the parties. These two clauses therefore show the construction put by the parties themselves on the contract, and they show also that the subject of exemptions was in their minds and was disposed of by them. The specification of a limited class of exemptions, fire-plugs not on the line of the city's pipes already laid or being laid, shows that no other class was to be exempt. Expressio unius exclusio alterius.

This inevitable deduction from the language of the agreement is strengthened, though it is not necessary, by the circumstances. The water company was then charging schoolhouses. If the intention was that thereafter it should not do so, it is to be presumed that their exemption would have been provided for as that of fire-plugs was. And the conduct of the parties is in entire accord with this view, for the water rents were regularly charged by the appellant and regularly paid by the

school districts for eight years, before the latter gave any sign of their present idea of their rights. Even if the contract were much more obscure or doubtful than it is, this conduct of the parties for such a period would have great weight in a court of equity against the present claim.

As to the suggestion that the city may place a nominal assessment on its schoolhouses, and the water company being obliged to follow, there would result a superficial and unsubstantial distinction between being bound by a nominal assessment and not bound by an exemption, it is only necessary to say that if the city should by such a subterfuge attempt to do indirectly what it has no power to do directly, a court of equity would have no difficulty in dealing promptly and effectually with such an effort.

Decree reversed, and bill directed to be dismissed with costs.